IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERREN C., RONALD C. | : | |
| And LESLIE C., | : | CIVIL ACTION |
| Of Philadelphia, PA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT | : | |
| OF PHILADELPHIA, | : | |
| 440 North Broad Street | : | |
| Philadelphia, PA, 19130, | : | |
| | : | |
| Defendant. | : | NO. 08-0858 |

## PLAINTIFFS' MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD/SUMMARY JUDGMENT

The Plaintiffs, Ferren C., the student, and her parents, Ronald C. and Leslie C., through undersigned counsel, hereby file this Motion for Judgment on the Administrative Record/Summary Judgment, and in support thereof state as follows:

1. Following an administrative Special Education Due Process Hearing and appeals to a Pennsylvania Special Education Appeals Panel, Plaintiffs brought this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Section 1401 *et seq*., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.A. Section 794.

2. In this appeal, Plaintiffs challenge the decisions of the administrative process to improperly limit a disabled child's use of her compensatory education award that was specified for her use after she turned twenty-one (21) years old. Plaintiffs also challenge the findings of the administrative process that Ferren's last agreed-upon Individualized Education Plan ("IEP") dated May 17, 2006 was not her

pendent placement during administrative and judicial proceedings for purposes of the stay-put provisions of the IDEA found at 34 C.F.R. Section 300.518 of IDEA regulations.

3. The Plaintiffs appealed the Hearing Officer's decisions to the Pennsylvania Special Education Appeals Panel, which, in its Opinions and Orders dated October 11, 2007 and November 23, 2007, upheld the Hearing Officer's incorrect findings.

4. The Plaintiffs therefore filed their Complaint in this Court on February 21, 2008, seeking review of the Hearing Officer's Opinions dated August 30, 2007 and October 15, 2007 and the Pennsylvania Special Education Appeals Panel decisions dated October 11, 2007 and November 23, 2007, inasmuch as the decisions inappropriately limited Ferren's compensatory education award -- which was specified for her use after she turned twenty-one (21) years old -- by finding that the District was not required to create an IEP for her even though the placement from which Ferren was to receive her compensatory education services required an IEP. Plaintiffs also challenge the finding that Ferren's IEP dated May 17, 2006 was not her pendent placement during this administrative and judicial dispute, thus leaving Ferren with virtually no supports or services during these entire proceedings.

5. This Court has original jurisdiction over this appeal pursuant to 28 U.S.C. § 1331 because this case raises federal questions under the IDEA and Section 504.

6. Previously, the claims giving rise to this appeal were exhausted at the administrative level by a Pennsylvania Special Education Hearing Officer and a

2

Special Education Appeals Panel with authority to hear special education matters. The Hearing Officer conducted a hearing in this matter, and developed an administrative record. Additionally, a Joint Stipulation of Facts was also filed with the Court on June 23, 2008.

7. All evidence and information regarding the Defendant's liability for compensatory education and other remedies sought by Plaintiffs is contained in the administrative record and Joint Stipulation of Facts, rendering trial in this matter unnecessary.

**WHEREFORE**, it is respectfully requested that this Honorable Court render decision in favor of the Plaintiffs in this matter on the basis of the administrative record.

Respectfully Submitted,

_____
Gabrielle C. Sereni, Esquire
ID # 83899


_____
Dennis C. McAndrews, Esquire
ID #28012
Attorney for Plaintiffs
MCANDREWS LAW OFFICES
30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERREN C., RONALD C. And LESLIE C., Of Philadelphia, PA, | : : : | CIVIL ACTION |
| Plaintiffs, | : : : | |
| v. | : : : | |
| SCHOOL DISTRICT OF PHILADELPHIA, 440 North Broad Street Philadelphia, PA, 19130, | : : : : | |
| Defendant. | : : | NO. 08-0858 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD/SUMMARY JUDGMENT**

## I.   INTRODUCTION

This action is brought by Ferren C., ("Ferren"), an individual with disabilities, and her

parents Ronald C. and Leslie C. ("Parents") (collectively referred to as "Plaintiffs"), seeking the

creation of an annual Individualized Education Plan ("IEP") for Ferren's program and placement

at the Elwyn Davidson School ("Elwyn"), an Approved Private School in Pennsylvania, and a

determination that Ferren's placement at Elwyn as prescribed in her last agreed-upon IEP dated

May 17, 2006 is her pendent placement for purposes of the stay-put provisions found at 34

C.F.R. Section 300.518 of the regulations to the Individuals with Disabilities Education Act

("IDEA"), 42 U.S.C. Section 1401 et seq.  This action is also brought pursuant to Section 504 of

the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C.A. Section 794.

Ferren is a twenty-two (22) year-old individual with numerous severe disabilities,

including Autism, Mental Retardation, Pervasive Developmental Disorder and Speech and

Language delays, whom the School District of Philadelphia ("Defendant" or "District") has

identified as eligible for special education services under the IDEA and its implementing

regulations.[1] <u>See</u>, 34 C.F.R. Section 300.7.

Ferren's disabilities are severe and complex, requiring instruction that is highly

structured, systematic instruction, broken down into manageable components specifically keyed

to her development levels and rate of learning, with an emphasis on educational instruction,

social skills, and communication skills. HO1-1. Because Ferren's IQ falls within the first

percentile, it is very difficult to even accurately assess her cognitive ability. <u>Id.</u> She has not

developed basic skills for communication, behavior management and social interaction. <u>Id.</u> She

demonstrates significant regression in skill acquisition, including communication skills. <u>Id.</u> Due

to the severity of her combined disabilities, as the Hearing Officer found as a fact, her parents

are, unsurprisingly, not capable of arranging, designing, or implementing a special education

program for her. HO2-4.

In resolution of a dispute between Ferren's parents and the District over the District's

provision of a free appropriate public education ("FAPE") to Ferren under the IDEA and Section

504, the District agreed in a written settlement agreement to provide Ferren with three (3) full

---

[1] Citations to most of the facts contained in this section are located in the Joint Stipulation of Facts that was filed in this matter on June 23, 2008. Other references in this brief will be made as follows: Parents' Exhibits from the due process hearing will be designated as "P-" followed by the number of the Exhibit; references to School District Exhibits will be designated as "SD-" followed by the number; references to Notes of Testimony from the due process hearing will be designated as "N.T.-" followed by the page number; references to the first Hearing Officer opinion dated August 30, 2007 will be designated as "HO1-" followed by the page number. References to the first Appeals Panel opinion dated October 11, 2007 will be designated as "AP1-" followed by the page number; references to the second Hearing Officer opinion dated October 15, 2007 will be designated "HO2-" followed by the page number; and references to the second Appeals Panel decision dated November 23, 2007, will be designated as "AP2-" followed by the page number. These documents are contained in the administrative record in this matter which was received by the clerk's office on May 15, 2008.

years of compensatory education beyond the typical conclusion of special education programming that occurs at the end of the school year of a child's twenty-first birthday. Accordingly, the District agreed, on September 6, 2006, to postpone Ferren's graduation from the Elwyn school for three school years beyond her twenty-first birthday, i.e., to June, 2010.

Despite this agreement, on January 3, 2007, the District informed Elwyn that it would not provide Ferren with an IEP to implement its compensatory education obligation after Ferren reached the age of twenty-one. The District, reneging on its prior agreement with the parents, also informed Elwyn that if Elwyn provided a graduation ceremony, it should graduate Ferren in the Spring of 2007. In response, Elwyn informed the District that it would not allow Ferren to return to Elwyn for the 2007-2008 school year unless the District developed an IEP for Ferren which directed the specially designed instruction and related services to be provided by Elwyn to Ferren. Elwyn also informed the District that in order for Ferren to continue at Elwyn, the District must fulfill its typical FAPE obligations to Ferren, including payment for the cost of Ferren's placement at Elwyn; development of an IEP for Ferren to be implemented at Elwyn; agreement to act as Local Educational Agency ("LEA") at Ferren's IEP meetings; participation in development of Ferren's IEP; and agreement to award Ferren a diploma upon completion of the three year compensatory education period in 2010. The District refused to comply with these terms.[2] The District has also failed to offer any compensatory education alternative to Elwyn. HO2-5.

---

[2] It would appear that such an arrangement has already been implemented for the benefit of a student of the District and Elwyn. Rose Barbella, the Director of Secondary Education and Transition Services for Elwyn, offered unrebutted testimony at the due process hearing that Elwyn Davidson School was contemporaneously providing a post-age twenty-one, compensatory education year to another student for the School District of Philadelphia. N.T. 52-54, 69.

As a result, on June 11, 2007, Ferren's parents requested a special education administrative due process hearing seeking the creation of an IEP for the 2007-2008 school year. Prior to a final decision on the merits, on August 28, 2007, Ferren's parents submitted a motion to the Hearing Officer seeking an initial determination that Ferren's last agreed-upon IEP placing Ferren at Elwyn is her pendent pursuant to IDEA regulations found at 34 C.F.R. Section 300.518 such that Ferren is entitled to continue to receive special education and related services at Elwyn pending final resolution of this dispute.[3]

In a preliminary determination on August 30, 2007, the Hearing Officer denied Ferren's parents' motion to declare her IEP and placement at Elwyn pendent. The Plaintiffs then immediately appealed this decision to the Special Education Appeals Panel which, on October 11, 2007, denied Plaintiffs' appeal as interlocutory.

Shortly after Ferren's appeal was denied, on October 15, 2007, the Hearing Officer concluded that the District was not required to provide Ferren with an IEP after she reached the conclusion of the school year during which she turned twenty-one (21) years old. On November 23, 2007, after a scant and wholly insufficient review, a Special Education Appeals Panel wrongly affirmed the Hearing Officer's decision. The Plaintiffs therefore bring this action requesting review and reversal of the Hearing Officer and Appeals Panel decisions. The

---

[3] Specifically, Section 300.518 provides:

Child's status during proceedings.
(a) Except as provided in §300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under §300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

Plaintiffs also seek reasonable attorneys fees and costs under the IDEA and Section 504.

## II.    <u>STANDARD OF REVIEW</u>

In reviewing a dispute brought under the IDEA's administrative hearing process, the District Court is required to give "due weight" to the findings in the state administrative proceedings. <u>Rowley v. Board of Educ.</u>, 458 U.S. 176, 206-07 (1982). The concept of "due weight" has been defined by the Third Circuit as requiring the District Court to conduct a "modified de novo" review of the decision of the administrative process below. <u>S. H. v. State-Operated Sch. Dist.</u>, 336 F.3d 260, 269-270 (3d Cir. 2003). This requires the District Court to consider factual findings made by the administrative process to be *prima facie* correct, and if the court chooses not to accept these factual findings, it is required to explain why. <u>Id.</u> at 270. However, when non-testimonial, extrinsic evidence in the record, or the record read in its entirety, would justify a contrary conclusion, the District Court is permitted to reject the factual findings of a Hearing Officer. <u>Id.</u> Moreover, this Court exercises plenary review over the conclusions of law of the administrative process, and thus no deference is due to these legal conclusions. <u>Warren G. v. Cumberland County Sch. Dist.</u>, 190 F.3d 80, 83 (3d Cir. 1999); <u>Susan N. v. Wilson Sch. Dist.</u>, 70 F.3d 751, 758 (3d Cir. 1995); <u>Carlisle Area Sch. Dist. v. Scott P.</u>, 62 F.3d 520, 526 (3d Cir. 1995); <u>Wexler v. Westfield Bd. of Educ.</u>, 784 F.2d 176, 181 (3d Cir. 1986) (rehearing denied).

In its May 12, 2008 Order, this Court directed the parties to file cross motions for summary judgment. Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56 (c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The judge's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

Plaintiffs contend that all facts relevant to a determination in this matter are already contained in the administrative record, which neither party has moved to supplement, rendering

trial unnecessary. Additionally, the parties have submitted a joint stipulation of certain facts contained in the administrative record. Therefore, disposition on the basis of the administrative record is appropriate, and the standard of review outlined above which has been set forth by the Third Circuit for appeals of administrative proceedings under the IDEA is the correct standard.

## III. LEGAL ARGUMENT

### A. The School District Has A Continuing Obligation To Provide Ferren with FAPE Post Age 21 By Implementing Ferren's Compensatory Education Award Via an IEP

The District has acknowledged that, for a variety of reasons, it owes Ferren the equivalent of three years of compensatory education past the age of twenty-one years. Joint Stipulated Fact 14. Indeed, in one Special Education Appeals Panel decision concerning Ferren, the Panel explicitly ordered that "[t]he District shall provide compensatory education to Ferren for a period of one year. This compensatory education shall be delivered to Ferren at the conclusion of the school year in which she turns 21 years of age and shall continue through the end of the school year in which Ferren turns 22 years of age." Special Education Appeals Panel Opinion No. 677 (available on the worldwide web at www.odr.pattan.net/dueprocess/AppealsDecisions). In a settlement for another alleged denial of FAPE, the District agreed that "one year will be added to Ferren's eligibility for Special Education, with the understanding that the District will assume responsibility for this relief." P-7.

It is well-settled in the Third Circuit that compensatory education is an available remedy for a district's denial of a free and appropriate public education ("FAPE"). In Lester H. v. Gilhool, 916 F.2d 865 (3d Cir. 1990), the court cited Miener v. State of Missouri, 800 F.2d 749 (8th Cir. 1986) for the proposition that compensatory education is an available remedy under the IDEA, and that Congress did not intend that a disabled child's access to a remedy should depend

upon the parent's ability to 'front the costs' of an appropriate program and then seek tuition reimbursement at a later time.  In <u>Lester H.</u>, the Third Circuit upheld the district court's award of thirty months of compensatory education to be provided past the age of twenty-one years, because the award  "belatedly allows him (Lester H.) to receive the <u>remainder of his free and appropriate public education</u>." (*emphasis added*)  The court expressly framed Lester H.'s compensatory education award after the age of twenty-one as "free and appropriate public education." Moreover, in <u>Carlisle Area School v. Scott P</u>., 62 F.3d 520, 536 (3d Cir.1995) the court held that an award of compensatory education extends the disabled student's entitlement to a free appropriate public education beyond age twenty-one to compensate for deprivations of that right before the student turned twenty-one.

The United States Supreme Court has determined the IEP to be the "primary vehicle" and the "centerpiece of the statute's education delivery system for disabled children," and to embody the substantive standard for school districts' obligation to provide FAPE to children with disabilities.  <u>Honig v. Doe</u>, 484 U.S. 305, 311 (1988). Moreover, it is the District's obligation to create an appropriate IEP.  <u>Shore Regional High Sch.</u>, 381 F.3d at 199; <u>Carlisle Area Sch. Dist. v. Scott P.</u>, 62 F.3d 520, 533 (3d Cir. 1995); <u>Oberti,</u> 995 F.2d at 1219; <u>Furhmann v. East Hanover Bd. of Educ.</u>, 993 F.2d 1031, 1035 (3d Cir.1993).

The IDEA requires that every IEP include a statement of the child's present levels of academic achievement and functional performance; a statement of measurable annual goals; a description of how the child's progress toward meeting the annual goals will be measured and when periodic reports on the progress the child is making toward meeting the annual goals will be made; a statement of the special education and related services and supplementary aids and services, based on peer-reviewed research to the extent practicable, to be provided to the child, or

on behalf of the child; a statement of the program modifications or supports for school personnel that will be provided to enable the child to advance appropriately toward attaining the annual goals, to be involved in and make progress in the general education curriculum; and an explanation of the extent, if any, to which the child will not participate with nondisabled children in the regular class and in activities. 20 U.S.C. Section 1414 (d); 34 C.F.R. Section 300.320.

The Third Circuit Court of Appeals has also clarified that under the IDEA, a child with a disability is entitled to a program that is reasonably calculated to confer meaningful educational benefit that is more than trivial. Polk v. Central Susquehanna Intermediate Unit, 853 F.2d 171 (3d Cir. 1988); Oberti v. Board of Educ. of Borough of Clementon Sch. Dist., 995 F.2d 1204, 1213 (3d Cir. 1993); Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 247 (3d Cir. 1999). In order to provide meaningful benefit, a child's IEP must be tailored to the unique, individual needs of the child consistent with the child's potential. 34 C.F.R. Section 300.347(a).

Thus, the IEP is the basis of the free and appropriate public education that the District has obligated itself to provide to Ferren, and, for an individual with Ferren's disabilities, it is impossible for her to obtain the benefit of compensatory education she is now entitled to receive as a result of the District's deprivations of the past, without the structure of an IEP. Ridgewood Bd. of Educ. v. N.E., 172 F.3d 238, 247 (3d Cir. 1999); Polk v. Central Susquehanna Intermediate Unit, 853 F.2d 171 (3d Cir. 1988).

Indeed, the School District in this matter has already been explicitly ordered the District to "provide" and "deliver" compensatory education "at the conclusion of the school year in which she turns 21 years of age and shall continue through the end of the school year in which Ferren

turns 22 years of age."[4] HO1-6. The Appeals Panel fashioned a compensatory education award in the form of an additional school year that contemplated a seamless transition from year 21 through year 22 in which the District would participate. Instead, the District attempts to shirk any substantive responsibility, instead insisting that its only obligation to this family is that of a bursar.

In Dombrowski v. Wissahickon School District, No. Civ. A. 01-5094, 2003 WL 22271654 (E. D. Pa. Sept. 30, 2003), a student had been denied FAPE during his last year of eligibility, and the School District agreed to offer an additional year past the student's attainment of 21 years. This case makes clear that the responsibility for providing compensatory education goes beyond simple reimbursement. Specifically, the court in Dombrowski held:

> "Finally, the District points to the Center Point placement as its arrangement for compensatory education....Although this placement, understood to start with a reasonable transition and to last for one full year amply suffices for the duration of the compensatory education award, this provision for transportation and a 1:1 aide does not suffice in terms of the measure of FAPE. Rather, the District must provide the equivalent of the missing SDI. Given Jason's current adult needs, as recognized in the IEP's transition plan and its goals, the primary vocational component of Center Point's program serves as the equivalent for the majority of this SDI, but the hearing officer's award of two hours per day equitably fulfills the remaining deficiency." Id. at 13.[5]

Indeed, the Hearing Officer in this matter also acknowledged that "compensatory

---

[4] Special Education Opinion No. 677 (available on the worldwide web at www.odr.pattan.net/dueprocess/AppealsDecisions)

[5] As in Dombrowski, the parties here agreed that the Elwyn Davidson School was an acceptable and appropriate provider for Ferren's compensatory education and Elwyn, for its part, was prepared and capable of implementing a compensatory education for Ferren based upon a continuation of her educational program from preceding years. HO1-4. However, for Elwyn to deliver her services for the 2007-2008 school year, it required that the District develope an IEP for Ferren which directed the specially designed instruction and related services to be provided by Elwyn to Ferren. To date, the District continues to refuse to create an IEP which Ferren requires to access her compensatory education award. Ferren therefore cannot access her compensatory education.

education is more than simply check-writing." HO1-9. Indeed, his conclusion bears a striking resemblance to the Special Education Appeals Panel's, in their denial of the Parents' interlocutory appeal, that "[t]he District maintains a rather cavalier attitude throughout the record concerning its perceived limited duty in the provision of Student's compensatory education award, as it expressly states that its sole obligation to the Student, at this juncture, is to merely sign a check. We strongly disagree." AP1-4. As the Special Education Appeals Panel pointed out and as courts have made clear, "compensatory education is an effective remedy which attempts to compensate the student for the inappropriate education; belatedly allowing the student to receive the remainder of the FAPE *previously* due." AP1-5 (underlining added, other emphasis in original).

Incredibly, despite this admonishment, on November 23, 2007, the Special Education Appeals Panel issued its decision affirming the Hearing Officer's Orders. Contradicting its strong disagreement with the District's assertion of a mere "check-writing" role, the Panel agreed with the Hearing Officer's incorrect interpretation that the entitlements of IDEA end when the disabled individual turns 21, even where an agreements exists to extend a student's entitlement to services beyond age 21 and where the student cannot access such extended services without an IEP.

This narrow interpretation of IDEA is simply incorrect and, as this case poignantly illustrates, wholly unjust. It can and should be rejected by this Court. IDEA clearly permits a court to grant the relief sought by Plaintiffs, since the statute expressly endows courts with broad authority to grant "such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(B); 34 C.F.R. §300.516(c)(3). Thus, IDEA itself contains no bar to an order directing the District to provide Ferren with an IEP during the period of compensatory education entitlement, particularly since she cannot access the compensatory education, to which she is so clearly entitled and which she so desperately needs, without an IEP.

10

Third Circuit case law also provides strong support for the remedy Plaintiffs seek. In Lester H., the Third Circuit endorsed the concept that compensatory education is an appropriate remedy for the denial of FAPE when tuition reimbursement is not available, and that compensatory education can be made available to the child even after the child has attained the age of twenty-one years. Echoing the broad authority of courts in fashioning a remedy under the IDEA, the Third Circuit stated that it is permissible for "the exact contours of the remedy to be shaped by the appropriate authorities at the appropriate time...[and to leave] the form or components of the instructional program to be determined once Lester reaches age 21, **by the collective effort of school officials, parents and professionals** as required by the EHA."[6] (emphasis added). Lester H., 916 F.2d at 868-869. In the design of compensatory education past the age of twenty-one, the Third Circuit clearly contemplated that a district's role was far greater than mere "check-writing" for the services determined, located and arranged by the disabled child's parents (even where, as here, they lack the expertise in special education required to arrange or implement a compensatory education).

Moreover, in M.C. v. Central Regional Sch. Dist., 81 F.3d 389, 397 (3d Cir. 1996), the court, addressing the issue of how to ascertain the relevant time period of deprivation of educational rights under the IDEA for the purpose of fashioning compensatory education relief, stated that "it is the responsibility of the child's teachers, therapists and administrators - and the multi-disciplinary team that annually evaluates the student's progress - to ascertain the child's educational needs, respond to deficiencies, and place him or her accordingly." The M.C. court therefore reiterated the view that a school district's compensatory education obligation is greater

---

[6] The EHA, or Education of the Handicapped Act, was the predecessor to the IDEA.

than mere "check-writing."

The concept that a school district must provide a remedy that adequately compensates the student for the deprivation of FAPE was also outlined by the United States Supreme Court in School Comm. of Burlington v. Dept. of Ed., 471 U.S. 359, 370 (1985). In Burlington, the Court determined that tuition reimbursement was appropriate relief because it satisfied congressional intent to remedy the deprivation of FAPE. The Supreme Court has also made abundantly clear that the IEP is the "primary vehicle" to be used by districts for fulfilling their obligation to provide eligible, disabled children with FAPE. Honig v. Doe, 484 U.S. 305, 310 (1988). Since Ferren has been denied a FAPE by the District, she is entitled to compensation for that deprivation by means of the "primary vehicle" used to fulfill that obligation, an IEP.

In this matter, the District admits that it owes Ferren three years of compensatory education for time past the conclusion of the school year in which she turns 21 years old. The effect of the Hearing Officer and Appeals Panels' decisions is to permit the District to now stand on the sidelines and do nothing but write checks. These decisions set up the grave potential for the result of unjust enrichment of districts. Public policy will be ill-served by permitting a District, who acknowledges its obligation to a child, to sit on its hands after the child turns twenty-one, despite its knowledge that the child, because of her complex disabilities, cannot access the compensatory education to which the District concedes she is entitled. Tragically, for Ferren, by virtue of the fact that the compensatory education is in the form of years of eligibility commencing in the year after she turns twenty-one, the clock ticks on the compensatory education remedy that has been defined according to school years. AP2-3 Indeed, to date, Ferren has been deprived of months of compensatory education programming due to the District's refusal to create an IEP to implement her compensatory education and her need for such services is intense and

12

immediate.

B.  Ferren's May 17, 2006 IEP is Pendant

On August 28, 2007, Ferren's parents submitted a motion to the Hearing Officer seeking an initial determination that Ferren's last agreed-upon IEP dated May 17, 2006 was pendent pursuant to IDEA regulations found at 34 C.F.R. Section 300.518 and, therefore, that Ferren was entitled to continue to receive special education and related services pending final resolution of this dispute.  In an Order dated August 30, 2007, the Hearing Officer denied Ferren's parents' motion to declare her IEP pendent.  On October 11, 2007, the Special Education Appeals Panel denied Plaintiffs' appeal as interlocutory.

Under the IDEA and supporting case law, pendency provides that a child remains in his/her current educational placements during the pendency of any administrative or judicial proceedings. 34 C.F.R. Section 300.518.  Moreover, unless the "decision of a hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change in placement is appropriate, that placement must be treated as an agreement between the State or local agency and the parents...."(emphasis added). Id.

The District does not dispute that it is responsible for providing Ferren with three years of compensatory education after the age of 21.   According to the School District calendar, the last day of school for the 2006-07 school year was June 19, 2007.  Therefore, Ferren's parent initiated the present due process hearing prior to the end of the 2006-07 school year.  At issue, *inter alia*, is whether Ferren was entitled to receive continuing FAPE-based special education beyond the 2006-07 school year.  At 20 U.S.C. 1415 Sec. 615(j) and 34 C.F.R. Section 300.518(a), the IDEA makes clear that "during the pendency of any proceedings conducted pursuant to this section" (emphasis added) "the child shall remain in the then-current educational placement of the child."

13

Therefore, inasmuch as Ferren's educational placement at the time of the initiation of the present due process hearing was her program and placement at the Elwyn School, the IDEA's broad pendency provision requires that Ferren's program and placement at Elwyn remain pendent during the period of this dispute.

In reaching the decision that Ferren is not entitled to an IEP, the Hearing Officer and Special Education Appeals Panel incorrectly relied on Oak Park & River Forest High School District 200 v. Illinois State Board of Education and Todd A., 79 F.3d 654 (7th Cir. 1996). HO1-9. In Oak Park, the parents of Todd A., three weeks before Todd A. turned twenty-one years of age, filed a complaint seeking two additional years of compensatory education in a private placement founded by Todd's mother. Oak Park, at 656. Pursuant to IDEA's "stay put" provision, Todd's parents sought to continue Todd's placement at the private placement at the District's expense. Id. The Seventh Circuit Court of Appeals expressly stated, "[O]nce the child reaches the age at which he no longer is entitled to the protection of the Act, the stay-put provision...loses its rationale...[t]he exception is where a claim for compensatory education is made. Compensatory education is a benefit that can extend beyond the age of 21." Id. at 660. Thus, the Seventh Circuit did not address squarely, the issue at bar, nor did the Seventh Circuit address the applicability of its rationale to the concept of compensatory education past the age of twenty-one. Instead, the Seventh Circuit was addressing the issue of whether the parents of a disabled child can extend the child's access to FAPE by waiting until several weeks before the end of the school year in which the child turns 21 and then invoke their procedural due process rights under the IDEA.[7] Thus, the Hearing Officer's and Appeals Panel's reliance on Oak park

---

[7] Oak Park was particularly distinguishable because of the fact that the parents operated Todd A.'s pendent placement school and stood to profit from a pendency order.

was untenable, and Ferren and her parents hereby request that this Court issue an Order declaring Ferren's IEP dated May 17, 2006 pendent.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court find in favor of the Plaintiffs and enter the attached proposed Order.

Respectfully submitted,

/s/_____
Gabrielle C. Sereni, Esquire
ID# 83899

/s/_____
Dennis C. McAndrews, Esquire
ID # 28012
MCANDREWS LAW OFFICES
Attorneys for Plaintiffs
30 Cassatt Avenue
Berwyn, PA
(610) 648-9300 (phone)
(610) 648-0433 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FERREN C., RONALD C. :
And LESLIE C., : CIVIL ACTION
Of Philadelphia, PA, :
 :
  Plaintiffs, :
 :
  v. :
 :
SCHOOL DISTRICT :
OF PHILADELPHIA, :
  Defendant. : NO. 08-0858

## <u>ORDER</u>

AND NOW, this _____ day of_____, 2008, upon consideration of Plaintiffs'

Motion for Judgment on the Administrative Record/Summary Judgment, and any Response

thereto, it is hereby ORDERED that Plaintiffs' Motion is GRANTED, and that judgment is

entered in favor of the Plaintiffs.  It is hereby FURTHER ORDERED that Ferren's May 17, 2006

Individualized Education Plan (IEP) is pendent for purposes of 20 U.S.C. 1415 Sec. 615(j) and 34

C.F.R. Section 300.518(a), such that she is entitled to continue to receive special education

services under the Individuals with Disabilities Education Act, 20 U.S.C. Section 1400 *et seq*.

pending final resolution of the dispute between the parties.  The School District of Philadelphia is

therefore hereby ORDERED, within thirty (60) calendar days of the date of this Order, to

reevaluate Ferren and to develop and issue an IEP and to function as the Local Educational

Agency for that IEP, and to do so annually for each year of Ferren's three year compensatory

education entitlement.

   BY THE COURT:

   _____
   DALZELL,   J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FERREN C., RONALD C. : 
And LESLIE C., : CIVIL ACTION
Of Philadelphia, PA, :
 :
         Plaintiffs, :
 :
       v. :
 :
SCHOOL DISTRICT :
OF PHILADELPHIA, :
         Defendant. : NO. 08-0858

CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Plaintiffs' Motion for Judgment on the

Administrative Record/Summary Judgment, Supporting Memorandum of Law and Order were

served upon the following person in the manner indicated below, which service satisfies the

requirements of the Federal Rules of Civil Procedure:

SERVICE VIA FIRST CLASS MAIL

Miles H. Shore, Esquire
440 North Broad Street, Suite 313
Philadelphia, PA 19130


/s/_____
Gabrielle C. Sereni, Esquire

DATED: July 25, 2008