IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERREN C., RONALD C. | : | |
| And LESLIE C., | : | CIVIL ACTION |
| Of Philadelphia, PA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT | : | |
| OF PHILADELPHIA, | : | |
| 440 North Broad Street | : | |
| Philadelphia, PA, 19130, | : | |
| | : | |
| Defendant. | : | NO. 08-0858 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
JUDGMENT ON THE ADMINISTRATIVE RECORD**

In their Motion for Judgment on the Administrative Record/Summary Judgment, Plaintiffs

anticipated and therefore already addressed most of the arguments raised by the Defendant

School District of Philadelphia ("District") in its Motion for Judgment on the Administrative

Record.  Plaintiffs therefore incorporate by reference their Motion and supporting Memorandum

as though fully set forth herein, and will not repeat that discussion here except to correct an

inaccurate assertion made by the District which demands brief comment.

On page 2 of its Memorandum supporting its Motion for Judgment on the Administrative

Record, the District states, without citation to any specific portion of the administrative record or

stipulation between the parties, that "Elwyn Davidson also runs an adult program that would not

require an IEP for attendance but parents object to such programming."  This statement is false

and/or misleading.  As the Appeals Panel noted on two separate occasions in its Opinion, Elwyn

Davidson, the Approved Private School ("APS") that Ferren attended "does not provide adult

services." AP2-1, n. 2; AP2-2, n. 14.   Indeed, the Hearing Officer stated in his findings of fact that the  "APS does not provide adult training services, and none of Elwyn's adult divisions provide academic instruction." HO2-3.  Therefore, the District's unfounded suggestion that Elwyn Davidson has available a program for Ferren for her compensatory education which does not require an IEP, and which the Plaintiffs have unreasonably refused, is false and/or misleading, and should be rejected.

It is also worth noting that the District continues to fail to rebut the testimony offered at the due process hearing by a representative of Elwyn Davidson that Elwyn Davidson "believes it has one student from Philadelphia, who may be 23 years old, who is attending APS during a compensatory education year, with an IEP." HO2-3; N.T. 54.  The District failed to confirm or deny this statement at the due process hearing (HO2-3), did not specifically deny this allegation in its Answer to Plaintiffs' Complaint, and has not denied this apparent fact in its brief to this Court; as such, Plaintiffs respectfully submit that this Court can accept this testimony as true. Given that the District is providing a compensatory education IEP to another of its post-21 year-old students, it is unfathomable that it would refuse to provide an IEP to Ferren.  Indeed, it is difficult to imagine a student more in need of an IEP than Ferren.  As the District well knows, because of the intensity and complexity of her disabilities, her three years of compensatory education from the District are useless to her without one.  Clearly, under such circumstances this Court would act well within its discretion in ordering the District to provide Ferren with an IEP so that she can access her compensatory education, under the IDEA's broad endowment of authority to courts to grant "such relief as the court determines is appropriate." 20 U.S.C. §

1415(i)(2)(B); 34 C.F.R. §300.516(c)(3).[1]

Respectfully submitted,

/s/_____
Gabrielle C. Sereni, Esquire
ID # 83899


/s/_____
Dennis C. McAndrews, Esquire
ID #28012

Attorneys for Plaintiffs
MCANDREWS LAW OFFICES
30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)

---

[1] Recently, the Ninth Circuit awarded private school tuition under Section 1415 (i) for equitable reasons to the parents of a student despite the fact that the student never even received special education and related services from a school district. Forest Grove Sch. Dist. v. T.A., 523 F.3d 1078 (9th Cir. 2008). As the Forest Grove court rightly noted, "Congress conferred broad discretion on the courts to provide appropriate equitable relief...." Id. at 1080.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERREN C., RONALD C. | : | |
| And LESLIE C., | : | CIVIL ACTION |
| Of Philadelphia, PA, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| SCHOOL DISTRICT | : | |
| OF PHILADELPHIA, | : | |
| Defendant. | : | NO. 08-0858 |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Response in Opposition to Defendant's Motion for Judgment on the Administrative Record was served upon the following person in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure:

SERVICE VIA FIRST CLASS MAIL

Miles H. Shore, Esquire
440 North Broad Street, Suite 313
Philadelphia, PA 19130

/s/_____
Gabrielle C. Sereni, Esquire

DATED: August 20, 2008